# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST IV, by U.S. Bank National Association, as Legal Title Trustee,<br><br>               Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>               Defendant. | Case No. 2:17-cv-00119-APG-NJK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS, FOR SUMMARY JUDGMENT, AND TO AMEND**<br><br>(ECF Nos. 35, 36, 44) |

This is a dispute over whether a deed of trust still encumbers property located at 3153 La Mancha Way in Henderson, Nevada. Plaintiff PROF-2013-S3 Legal Title Trust IV (PROF), through its trustee, U.S. Bank National Association, alleges it owns a deed of trust that it received through a series of transfers from the original beneficiary. Defendant SFR Investments Pool 1, LLC, who is the current property owner, moves to dismiss or alternatively for summary judgment, on the basis that PROF-2013-S3 Legal Title Trust IV lacks standing. SFR contends that earlier in the chain of transfers, another entity, SROF 2013-S3 REMIC Trust I (SROF), transferred the deed of trust after that entity was "terminated." SFR contends that because this trust was defunct before it transferred the deed of trust, that transfer and all subsequent assignments, including the one to PROF, are void.

PROF responds that as a non-party to the assignments, SFR lacks standing to challenge their validity. PROF alternatively argues that the case is in the early stages and it should be allowed discovery to show that the transfer from SROF was valid or at most voidable such that SFR would lack standing to challenge it. Finally, PROF contends that if SROF is the proper party, then I should allow amendment to add it as the plaintiff.

I deny without prejudice the motions to dismiss, for summary judgment, and to amend. I grant the request to allow for discovery prior to ruling on the dispositive motions.

## I. BACKGROUND

Suzanne Esrey purchased the property in 2009. ECF No. 1-2. The property was encumbered by a deed of trust that identified Esrey as the borrower, Evergreen Moneysource Mortgage Company as the lender, Equity Title of Nevada as the trustee, and Mortgage Electronic Registration Systems, Inc. as the beneficiary under the deed of trust, solely as nominee for the lender and its assigns and successors. ECF No. 1-3.

The deed of trust was assigned several times, but the critical transfers for purposes of this motion begin with the June 2014 transfer from the Secretary of Housing and Urban Development to SROF. ECF No. 1-7. On July 27, 2015, SROF assigned the deed of trust to USROF III Legal Title Trust 2015-1. ECF No. 1-8. The deed of trust was transferred to another entity, which then transferred it to plaintiff PROF. ECF Nos. 1-9, 1-10.

In the meantime, Esrey ceased paying her homeowners association (HOA) assessments, so the HOA foreclosed on the property. ECF Nos. 1-11 through 1-16. SFR purchased the property at the HOA's foreclosure sale on February 20, 2013. ECF No. 1-17.

PROF brought this suit to determine whether the deed of trust still encumbers the property following the HOA foreclosure sale. SFR moves to dismiss and for summary judgment, arguing that PROF lacks standing because it claims an interest in the deed of trust through the chain of transfers that includes the July 2015 transfer from SROF to USROF III Legal Title Trust 2015-1. SFR contends this transfer is void because SROF ceased to exist before this transfer took place. As evidence that SROF ceased to exist, SFR presents IRS Publication 938, which lists real estate mortgage investment conduits (REMICs). That document shows SROF was started on February 12, 2014. ECF No. 37-9 at 31. SFR also presents a screenshot of a U.S. Bank webpage regarding SROF that purportedly shows SROF's "Termination Date" as April 24, 2015. ECF Nos. 37-14, 37-15. SFR also attaches IRS Publication 938 from November 2015, which does not contain a listing for SROF. ECF Nos. 37-16 through 37-20. SFR requests I take judicial notice of these documents.

/ / / /

## II. ANALYSIS

The parties agree, at least for purposes of these motions, that the documents recorded in the Clark County recorder's office accurately depict the transfers of the deed of trust. I therefore will take as true at this stage that these transfers occurred on the dates and between the parties identified in those documents. I will take judicial notice of the fact that the IRS published a list of REMICs that identified when SROF was created, and another that no longer listed SROF.

However, I will not take judicial notice of the webpage from U.S. Bank's website because SFR requests that I take judicial notice of a fact that is not subject to judicial notice and, even if it were, the meaning of it is unclear. Specifically, SFR requests I take judicial notice that U.S. Bank's website lists a date of "termination" for SROF that pre-dates the transfer from that entity to USROF III Legal Title Trust 2015-1. Even if I took judicial notice of the fact that U.S. Bank's website contained this notation, I cannot take judicial notice of the fact contained within that website because it is subject to reasonable dispute. Fed. R. Evid. 201(b) (stating court may take judicial notice of a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Even if I took judicial notice that SROF was "terminated" on a specific date, I have no context from the exhibits as to what that means. SFR contends it means the trust was "defunct," meaning it no longer existed. PROF appears to contend it means only that the trust was closed under its pooling and servicing agreement. The exhibit itself gives no further information from which I am to glean the meaning of this term. Moreover, neither party advises me what law would apply to this trust to determine whether any transfer would be void or merely voidable if the trust was indeed no longer in existence as SFR contends. PROF's brief suggests New York law applies, but it does not explain why.

PROF requests that I decline to rule on SFR's motions so the parties may conduct discovery regarding these issues. Federal Rule of Civil Procedure 56(d) states that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

I grant the request to deny the motions so as to allow further discovery that will provide more information as to whether PROF has standing to bring the claims in this case. PROF presents an affidavit from its attorney stating that she believes discovery will "conclusively" show PROF's standing as a proper assignee. ECF No. 42-1 at 3. She also states that if given additional time, PROF "will be able to provide additional documents regarding the First Deed of Trust from both party discovery and non-party discovery." *Id.* PROF asserts that if given the opportunity to conduct discovery, it will be able to show its claimed interest derives from either a valid chain of assignments, or at least a chain of assignments that SFR lacks standing to contest because the challenged transfer is merely voidable, not void. If true, those facts would preclude summary judgment.

I therefore grant PROF's request that I decline to rule on SFR's motions at this stage, and I deny SFR's motions without prejudice to renew after the parties have completed more fulsome discovery on this issue. For these same reasons, I also deny PROF's motion to amend, without prejudice to renew.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 35)** and motion for summary judgment **(ECF No. 36)**, and plaintiff PROF-2013-S3 Legal Title Trust IV's motion to amend **(ECF No. 44) are DENIED without prejudice**.

DATED this 8th day of May, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE