|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | PROF-2013-S3 LEGAL TITLE TRUST IV, by U.S. Bank National association, as Legal Title Trustee, | Case No.: 2:17-cv-00119-APG-NJK |
| 4 | | **Order Granting Counterclaimant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment** |
| 5 | Plaintiff | |
| 6 | v. | [ECF Nos. 62, 64] |
| 7 | SFR INVESTMENTS POOL 1, LLC and LA MANCHA HOMEOWNERS ASSOCIATION, INC., | |
| 8 | | |
| 9 | Defendants | |

This is a dispute over whether a deed of trust still encumbers property located at 3153 La Mancha Way in Henderson, Nevada following a foreclosure sale conducted by the homeowners association (HOA). Plaintiff PROF-2013-S3 Legal Title Trust IV (PROF), through its trustee U.S. Bank National Association, alleges it owns a deed of trust that it received through a series of transfers from the original beneficiary. PROF sues the HOA, defendant La Mancha Homeowners Association, Inc., and the entity that purchased the property at the HOA sale, defendant SFR Investments Pool 1, LLC. SFR counterclaims against PROF to quiet title.

PROF and SFR have each moved for summary judgment. La Mancha opposes PROF's motion and joins SFR's motion. The parties are familiar with the facts, so I will not repeat them here except where necessary. I grant SFR's motion and deny PROF's motion.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Standing**

SFR renews an argument from a prior motion that PROF lacks standing because PROF claims an interest in the deed of trust through the chain of transfers that includes a July 2015 transfer from SROF 2013-S3 REMIC Trust I (SROF). SFR contends this transfer is void because SROF ceased to exist before this transfer took place. SFR also argues that PROF lacks standing because after this lawsuit was initiated, an assignment was recorded transferring the deed of trust from PROF to PROF-2013-S3 Legal Title Trust V (PROF V).

PROF responds that the chain of recorded transfers shows it has standing and the only evidence supporting SFR's argument is an inadmissible printout from U.S. Bank's website.[1] As

---

[1] Alternatively, PROF asserts it has standing because it possesses the note. PROF does not clarify how possessing the note gives it standing to litigate the validity of the deed of trust. The

2

to the post-complaint transfer, PROF argues Federal Rule of Civil Procedure 25 permits it to continue to litigate this matter. Alternatively, PROF requests I amend the caption to substitute PROF V as the plaintiff.

To "withstand a motion for summary judgment on the ground that the plaintiff lacks standing, a plaintiff cannot rely on mere allegations but rather must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quotation omitted). Thus, at this stage of the proceedings, I ask "whether a fair-minded jury could find that the claimant had standing on the evidence presented." *Id.* (quotation omitted).

There has already been one round of briefing on PROF's standing. My order pointed out the factual and legal deficiencies in the parties' presentation of the issues to the court, and I granted PROF's motion for leave to conduct more discovery. ECF No. 60. The parties apparently did little to nothing to clear up the issues of whether SROF was "terminated" before it transferred the deed of trust, what "termination" means, and what law would apply to determine the significance of SROF being "terminated." SFR does not explain what termination means or what law should apply. PROF likewise does not analyze what it means and refers to Nevada law on winding up corporations without explaining why that law would apply to SROF.

Nevertheless, viewing the facts in the light most favorable to PROF on SFR's motion, PROF has presented evidence from which a jury could find that the transfer from SROF was valid, or at least was voidable (as opposed to void) such that SFR would have no standing to challenge it. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a person who is

---

note and deed of trust can be separated, and unlike the deed of trust, the note is not an interest in the property. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259-60 (2012) (en banc).

3

not a party or an intended third-party beneficiary of a contract lacks standing to challenge the validity of a voidable assignment). A reasonable jury could find from the recorded assignments that the transfer took place and, absent evidence and applicable law showing that "termination" means that SROF could not subsequently dispose of its assets, that termination did not preclude SROF from transferring the deed of trust, or at least that any transfer was voidable, not void.

As for the post-litigation transfer, Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." PROF therefore may continue to litigate this action. I decline PROF's invitation to amend the caption to substitute PROF V because PROF claims (in rather confusing testimony from its Rule 30(b)(6) witness) to still own the deed of trust despite a recorded transfer to PROF V. *See* ECF No. 64-1 at 80-81.

I deny SFR's motion for summary judgment on the issue of standing.[2]

**B. Statute of Limitations**

SFR argues PROF's quiet title claims are subject to a three-year limitation period because they are, at bottom, claims for liability based on a statute. PROF responds that its quiet title claims are subject to a five-year limitation period, or at worst a four-year period, and thus timely.

PROF's quiet title and declaratory relief claims seek to determine adverse interests in property under Nevada Revised Statutes § 40.010. I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust.

---

[2] SFR has counterclaimed to quiet title. There is no question that SFR has standing to assert its claim because it bought the property at the HOA foreclosure sale and there is no evidence it thereafter sold or otherwise divested its interest.

4

*See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).

The HOA foreclosure sale took place on February 20, 2013. ECF No. 1-17. PROF filed this lawsuit on January 12, 2017. ECF No. 1. PROF's quiet title and declaratory relief claims therefore are timely. Additionally, although SFR did not specifically move on the issue, PROF's unjust enrichment claim is also timely. *See In re Amerco Deriv. Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc) (citing Nev. Rev. Stat. § 11.190(2)(c) for a four-year limitation period for unjust enrichment).

**C. Due Process**

PROF relies on *Bourne Valley* to assert the HOA sale violated its due process rights, but *Bourne Valley* is no longer controlling law. *See U.S. Bank Nat'l Ass'n on behalf of GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 4604455, at *1-2 (D. Nev. Sept. 25, 2018). As I have previously held, and as the Supreme Court of Nevada has confirmed, the HOA foreclosure statutes do not violate PROF's due process rights. *See Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1053-57 (D. Nev. 2016); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *9 (D. Nev. Mar. 31, 2016); *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) (en banc). I therefore grant SFR's motion and deny PROF's motion on the due process allegations.

/ / / /

/ / / /

/ / / /

**D. Taking**

SFR moves for judgment on the complaint's allegations that the HOA sale constitutes a taking without just compensation under the Fifth Amendment's Takings Clause. PROF did not respond or move for judgment on this basis.

There was no taking as a matter of law. *See U.S. Bank Nat'l Ass'n for GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *4-5 (D. Nev. July 2, 2018). I therefore grant SFR's motion on the taking allegations.

**E. Tender**

PROF argues that its predecessor, Bank of America, tendered the superpriority amount so that portion of the lien was satisfied. La Mancha responds that the tender offer was accompanied by impermissible conditions. SFR joins in this argument and also contends that the amount PROF tendered was insufficient to satisfy the superpriority amount. SFR further asserts that PROF cannot show the HOA's collection agent, Alessi & Koenig, LLC (Alessi), actually received the tender offer. SFR further argues that the tender was not kept good, was not recorded, and was rejected in good faith. PROF appears to concede in its reply that Bank of America did not tender the correct amount, but it asserts that was due to Alessi's refusal to tell Bank of America the correct amount, forcing the bank to guess. PROF also contends it has presented adequate proof that the check was delivered.

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust."

*Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for payment in full and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Even viewing the facts in the light most favorable to PROF on SFR's motion, it is clear that Bank of America did not tender sufficient funds to cover the superpriority amount. Bank of America tendered a check for $900. ECF No. 62-2. La Mancha's ledger for the property shows the HOA assessments were $279 for the first three months of missed assessments and $289 per month thereafter. ECF No. 68-4. The prior homeowner was five months in arrears at the time of the notice of delinquent assessment lien. ECF Nos. 1-11; 68-3 at 7; 68-4. Even considering the lesser amount of $279 for all five months, and even considering only five months of arrears, PROF's predecessor would have had to tender $1,395 to satisfy the superpriority amount. The $900 tender therefore was inadequate to pay off the superpriority lien.[3]

As a result, PROF has not shown it is entitled to judgment as a matter of law on the basis of tender, and SFR has shown as a matter of law that PROF did not tender the superpriority amount. I therefore grant SFR's motion and deny PROF's motion on tender. I address below the issue of whether Alessi's alleged failure to provide the amount of the superpriority lien amounts to unfairness sufficient to set aside the sale.

**F. Notices**

PROF argues the HOA foreclosure notices improperly included costs of collection and attorney's fees in the HOA lien amount, and thus the HOA did not comply with Chapter 116. La Mancha responds that collection fees and costs are part of the subpriority portion of the HOA

---

[3] The first letter Bank of America sent, which promised to pay the superpriority amount once that amount was determined, was not a valid tender. *Bank of Am., N.A. v. Saticoy Bay LLC Series 716 Fiesta Del Rey*, 2019 WL 292773, at *1, 433 P.3d 262 (Nev. 2019).

7

lien, so including the entire amount of the lien in the notices does not invalidate the sale. SFR joins in La Mancha's argument and also notes that even if the notices could be considered unfair, it would result in a purchaser at the sale paying a higher price, not a lower one, and thus would not support equitably setting aside the sale.

The inclusion of costs and fees in the pre-2015 amendment notices does not invalidate the sale nor is it a basis to set aside the sale. The notices were sent to the homeowner and other junior lienholders, so "it was appropriate to state the total amount of the lien." *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). PROF relies on *Horizons at Seven Hills v. Ikon Holdings* to argue the notices improperly included collection costs. However, *Ikon* held only that the superpriority lien "does not include an amount for collection fees and foreclosure costs incurred." 373 P.3d 66, 72 (Nev. 2016) (en banc). *Ikon* did not hold that the notices are defective or unfair if they include collection costs or other fees in the subpriority portion of the lien. I therefore deny PROF's motion for summary judgment on this basis.

**G. Setting Aside the Sale on Equitable Grounds**

PROF and SFR both move for judgment on the issue of whether there is a basis to equitably set aside the sale. PROF argues the sale should be set aside because (1) the foreclosure sale price was inadequate where it was a fraction of the property's fair market value and (2) there is evidence of unfairness where Alessi refused to identify the superpriority amount and the HOA violated the Covenants, Conditions, and Restrictions' (CC&Rs) mortgage protection clause. PROF and La Mancha argue SFR is not a bona fide purchaser because SFR had record notice of the deed of trust and because SFR was an investor in similar properties and thus knew that the deed of trust holder likely would sue. Finally, PROF argues that in balancing the harm between

8

SFR and PROF, SFR has already recouped its investment by renting out the property since the HOA sale, whereas PROF will be deprived of a lien securing a loan of over $100,000.

SFR argues that I need not even engage in this analysis because PROF cannot resort to equity where it has an adequate remedy at law against the HOA. SFR and La Mancha argue that there was no price inadequacy because the value of the property is what it was able to fetch at a non-collusive foreclosure sale. They also assert that the mortgage protection clause in the CC&Rs is not a basis to set aside the sale because La Mancha could not waive its superpriority lien as a matter of law and there is no evidence that anyone relied on the clause in deciding whether to bid at the HOA foreclosure sale. As to SFR's status as a bona fide purchaser, SFR contends it had no knowledge of an irregularity associated with the sale of this property, and the equities should weigh in its favor as a bona fide purchaser where Bank of America did not act to protect its interest or notify third parties of its attempted tender.

*1. Adequate Remedy at Law*

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA*, 366 P.3d at 1111-12. While the availability of other remedies (both before and after the sale) may bear on the equities, a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. PROF seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the

foreclosure sale and reinstate PROF's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny SFR's motion for judgment on this basis.

### 2. *Setting Aside Sale*

It is presumed that the HOA complied with Nevada Revised Statutes Chapter 116 in conducting the sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). PROF has presented no evidence to rebut that presumption. A properly conducted HOA foreclosure sale extinguishes all junior interests, including a deed of trust. *SFR Investments Pool 1*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). SFR is therefore entitled to summary judgment unless there is some basis to equitably set aside the HOA foreclosure sale. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1112 (Nev. 2016) (en banc). SFR is the title holder of record, and thus PROF bears the burden of establishing some basis to set aside the sale. *Nationstar Mortg., LLC*, 405 P.3d at 646.

To equitably set aside the sale, there must be proof of an inadequate price plus "some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Id.* at 642-43 (quotation omitted). Where the price inadequacy "is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression." *Id.* at 643. But even where there is an inadequate price brought about by fraud, unfairness, or oppression, I am not

required to set aside the sale. Rather, I must weigh all of the equities, including the impact the requested relief may have on a bona fide purchaser. *Shadow Wood HOA*, 366 P.3d at 1114-15.

Even viewing the evidence in the light most favorable to PROF on SFR's motion, there is no basis to set aside the sale. PROF has not presented evidence that unfairness brought about the allegedly low price. As to tender, PROF presents no evidence that Bank of America relied on the attempted tender as a reason not to attend the sale and bid on the property or to take other measures to protect its lien interest. There is no evidence that Bank of America alerted anyone about the tender attempt (like recording the tender or announcing it at the sale) such that other bidders may have bid less given the possibility that the superpriority lien had been satisfied. PROF therefore has not presented evidence raising a genuine dispute that any unfairness related to the tender attempt affected the price paid at the foreclosure sale. *See Bank of Am., N.A. v. Saticoy Bay LLC Series 716 Fiesta Del Rey*, 2019 WL 292773, at *2, 433 P.3d 262 (Nev. 2019) (holding district court correctly granted summary judgment against deed of trust holder where Alessi had not responded to a request for the payoff amount because there was "nothing in the record to suggest that omission affected the bidding at the foreclosure sale").

As to the CC&Rs, under Nevada law an HOA cannot waive its superpriority lien. *See RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments Pool 1*, 334 P.3d at 418-19. PROF's predecessor and any potential bidders at the sale would have been on notice of both the CC&Rs and Chapter 116. *See JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 2018 WL 1448728, at *2, 414 P.3d 812 (Nev. 2018) (unpublished) ("[W]e are not convinced that [the mortgage protection clause in the CC&Rs] dissuaded higher bidders. In particular, we must presume that any such

11

bidders also were aware of NRS 116.1104."). PROF has not presented evidence that any potential or actual bidder (including Bank of America) was dissuaded from bidding based on the mortgage protection clause. Consequently, there is no evidence the mortgage protection clause in the CC&Rs affected the price paid at the foreclosure sale. *Saticoy Bay LLC Series 716 Fiesta Del Rey*, 2019 WL 292773, at *2 (holding there was no basis to set aside the sale based on the CC&Rs because there was "no evidence that prospective bidders were misled by the CC&Rs' restrictive covenant and that bidding was chilled"); *S. Capital Pres., LLC v. GSAA Home Equity Tr. 2006-5*, 2018 WL 1447727, at *1, 414 P.3d 808 (Nev. 2018) (holding purchaser at an HOA sale was entitled to judgment as a matter of law where there was no evidence that any bidder was actually chilled by the mortgage protection clause). Because PROF has not presented evidence raising a genuine dispute that any unfairness brought affected the price paid at the HOA sale, I need not address whether the price was inadequate or weigh the equities. SFR is entitled to judgment as a matter of law.

But even if the price was inadequate and some slight unfairness affected the sale price, the equities do not weigh in favor of setting aside the sale. SFR is a bona fide purchaser. The fact that it knew about the deed of trust and that these types of sales often result in a lawsuit does not deprive SFR of bona fide status because there is no evidence SFR knew of any irregularity related to this particular sale. *Shadow Wood HOA*, 366 P.3d at 1116. Even if SFR's knowledge about a potential lawsuit could call into question its status as a bona fide purchaser, the equities still weigh in its favor because Bank of America could have acted in numerous ways to protect its deed of trust but failed to do so. To the extent there was any unfairness related to Alessi's conduct, Bank of America was aware that its tender offer was not accepted and might not be

adequate to pay off the superpriority lien because it merely guessed as to the correct amount.[4] Yet Bank of America did not take any number of steps it could have to protect its interest, including: (1) recording the tender attempt or a lis pendens, (2) paying off the entire amount and then suing for a refund, (3) requesting arbitration to determine the amount owed, (4) suing to enjoin the sale, or (5) attending the sale and bidding on the property. *Id.* at 1114. PROF and its predecessor then waited nearly four years after the sale to file this lawsuit to attempt to unwind it. In contrast, SFR paid valuable consideration at a foreclosure sale that it had no reason to suspect had any irregularity beyond SFR's general knowledge that these sales almost always resulted in a lawsuit (which more likely explains the purchase price than any alleged unfairness related to this particular sale). "Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby." *Id.* at 1115 (quotation omitted). That is the case here. No genuine dispute remains and the equities do not favor setting aside the HOA sale.

**H. Unjust Enrichment**

"[U]njust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999) (en banc) (quotation omitted). SFR argues PROF cannot prevail on this claim based on PROF paying taxes, insurance, or HOA assessments for the property because those payments were voluntary. SFR also argues PROF cannot prevail on this claim on the basis of SFR owning the

---

[4] It is not clear from the record what Alessi told Bank of America other than giving the amount of the overall lien. No one has provided documentation of Alessi's response to Bank of America's initial letter requesting the payoff amount. The attorney who drafted the tender letter does not explain how he "calculated" the superpriority amount to be $900 or what steps he took to determine what the superpriority amount would be. *See* ECF No. 70-1.

13

property after the sale because the property never belonged to PROF, so PROF never conferred a benefit on SFR nor did SFR retain anything belonging to PROF. PROF responds that if it prevails on its quiet title claim, then SFR will have been unjustly enriched because it has collected rents on the property since the HOA sale.

PROF apparently has abandoned the complaint's allegations that SFR was unjustly enriched by PROF's payment of taxes, insurance, and HOA assessments. ECF No. 1 at 19. PROF has not presented evidence that it paid taxes, insurance, or HOA assessments and it has not rebutted SFR's argument that any such payment was voluntary. I therefore grant SFR's motion on this portion of PROF's unjust enrichment claim.

I grant SFR's motion as to the rents and use of the property because I will not set aside the sale. And even if the sale was set aside, PROF has not explained how the rents and use of the property are benefits that in equity and good conscience belong to PROF. PROF and its predecessors did not own the property.

### I. Expunge Lis Pendens

SFR requests that I order the lis pendens that PROF recorded to be expunged. Because SFR has prevailed on its quiet title claim, the lis pendens is no longer necessary. I therefore grant this portion of SFR's motion.

### II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff PROF-2013-S3 Legal Title Trust IV's motion for summary judgment **(ECF No. 62) is DENIED**.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 64)**, in which defendant La Mancha Homeowners Association, Inc. joined (ECF No. 65), **is GRANTED**.

IT IS FURTHER ORDERED that the clerk of court is instructed to enter judgment in favor of defendants SFR Investments Pool 1, LLC and La Mancha Homeowners Association, Inc. and against plaintiff PROF-2013-S3 Legal Title Trust IV on all claims in the plaintiff's complaint.

IT IS FURTHER ORDERED that the clerk of court is instructed to enter judgment in favor of counterclaimant SFR Investments Pool 1, LLC and against counterdefendant PROF-2013-S3 Legal Title Trust IV as follows:  It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on February 20, 2013 extinguished the deed of trust encumbering the property located at 3153 La Mancha Way in Henderson, Nevada, and thus the property is not subject to the deed of trust.

IT IS FURTHER ORDERED that within 10 days of the date of this order, counterclaimant SFR Investments Pool 1, LLC shall provide a proposed form of order for expunging the lis pendens.

DATED this 1st day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE